IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | |
|---|---|
| MERIDIAN CONDOMINIUM ASSOCIATION<br>    Plaintiff,<br><br>v.<br><br>OHIO SECURITY INSURANCE COMPANY<br>    Defendant. | §<br>§<br>§<br>§<br>§       Civil Action No. 7:23-cv-00164<br>§<br>§<br>§<br>§ |

# DEFENDANT'S NOTICE OF REMOVAL

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Ohio Security Insurance Company ("Ohio Casualty") files this Notice of Removal pursuant to 28 U.S.C. §1446(a) and respectfully shows the following:

## *Procedural Background*

1.   On April 10, 2023, Plaintiff Meridian Condominium Association filed its Original Petition ("Original Petition") under Cause Number C-1395-23I in the 398th Judicial District Court of Hidalgo County, Texas, and styled *Meridian Condominium Association v. Ohio Security Insurance Company*. Ohio Security was served with citation on April 20, 2023, and subsequently filed its Original Answer on May 10, 2023.

## *Nature of the Suit*

2.   This lawsuit involves a dispute over Ohio Security's handling of Plaintiff's insurance claim for damages from a wind/hail storm allegedly sustained at its commercial properties located at 1530 West Hall Acres Road, Apartments 1-15, Pharr, Texas 78577. Plaintiff asserts causes of action against Ohio Security for breach of contract, violations of the Texas

Deceptive Trade Practices act, unfair insurance practices, breach of the duty of good faith and fair dealing, and violation of Section 542 of the Texas Insurance Code (Delay in Payment).

### Basis for Removal

3. Removal is proper under 28 U.S.C. §1332 because the amount in controversy exceeds $75,000.00, exclusive of interest and costs, and there is complete diversity of citizenship between the parties.

**A. The Amount in Controversy Exceeds $75,000.**

4. In determining the amount in controversy, the court may consider "policy limits and potential attorney's fees, [. . .] penalties, statutory damages, and punitive damages."[1] Here, Plaintiff claims that its properties, which Plaintiff insured through Ohio Security, sustained storm damage.[2] Plaintiff seeks damages for Ohio Security's alleged failure to pay what was owed under the terms of the insurance contract.[3] The Policy in effect on the reported date of loss was a Texas Commercial Property, Commercial General Liability, and Condominium Association Directors and Officers Liability Coverage Policy providing the following building coverage limits:

- Apartment 1 – Building Coverage Limit of Insurance – Replacement Cost – $380,800;
- Apartment 2 – Building Coverage Limit of Insurance – Replacement Cost – $380,800;

---

[1] *St. Paul Reinsurance Co., Ltd v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998); *see Ray v. State Farm Lloyds*, 1999 WL 151667 (N.D. Tex. Mar. 10, 1999) at *2-3 (finding a sufficient amount in controversy in Plaintiffs' case against their insurance company for breach of contract, fraud, negligence, gross negligence, bad faith, violations of the Texas Insurance Code, violations of the Texas Deceptive Trade Practices Act, and mental anguish); *Fairmont Travel, Inc. v. George S. May Int'l Co., et. al.*, 75 F. Supp. 2d 666, 668 (S.D. Tex. 1999) (considering DTPA claims and the potential for recovery of punitive damages for the amount in controversy determination); *Chittick v. Farmers Insurance Exchange*, 844 F. Supp. 1153, 1155 (S.D. Tex. 1994) (finding a sufficient amount in controversy after considering the nature of the claims, the types of damages sought and the presumed net worth of the defendant in a claim brought by the insureds against their insurance company for actual and punitive damages arising from a claim they made for roof damages); *see also Waldon v. Stonebridge Life Ins. Co.,* 2013 WL 12090036 (W.D. Tex. Oct. 8, 2013) at *1 (" In ascertaining the amount in controversy, a court may consider policy benefits, potential attorney's fees, as well as penalties, statutory damages, and punitive damages the insurer could be liable for under state law." (citing *St. Paul,* 134 F.3d at 1253)).
[2] *See* Exhibit A, Plaintiff's Original Petition, page 3.
[3] *See* Exhibit A, Plaintiff's Original Petition, pages 3-4.

- Apartment 3 – Building Coverage Limit of Insurance – Replacement Cost – $380,800;
- Apartment 4 – Building Coverage Limit of Insurance – Replacement Cost – $380,800;
- Apartment 5 – Building Coverage Limit of Insurance – Replacement Cost – $380,800;
- Apartment 6 – Building Coverage Limit of Insurance – Replacement Cost – $380,800;
- Apartment 7 – Building Coverage Limit of Insurance – Replacement Cost – $380,800;
- Apartment 8 – Building Coverage Limit of Insurance – Replacement Cost – $380,800;
- Apartment 9 – Building Coverage Limit of Insurance – Replacement Cost – $380,800;
- Apartment 10 – Building Coverage Limit of Insurance – Replacement Cost – $380,800;
- Apartment 11 – Building Coverage Limit of Insurance – Replacement Cost – $380,800;
- Apartment 12 – Building Coverage Limit of Insurance – Replacement Cost – $380,800;
- Apartment 13 – Building Coverage Limit of Insurance – Replacement Cost – $380,800;
- Apartment 14 – Building Coverage Limit of Insurance – Replacement Cost – $380,800, and;
- Apartment 15 – Building Coverage Limit of Insurance – Replacement Cost – $380,800.

5. Additionally, Plaintiff seeks a declaratory judgment, actual attorney's fees, cost of suit, mental anguish, DTPA violations, Texas Insurance Code violations, statutory penalties, pre-judgment interest, post-judgment interest, additional damages, punitive damages, and exemplary damages pursuant to the Texas Business and Commerce Code and the Texas Insurance Code.[4] Plaintiff also seeks attorney fees for bringing this suit.[5]

---

[4] *See* Exhibit A, Plaintiff's Original Petition, pages 12-13.
[5] *See* Exhibit A, Plaintiff's Original Petition, pages 12-13.

6. Plaintiff plead in its Original Petition that it seeks "monetary relief over $1,000,000[.]"[6] Plaintiff made a pre-litigation DTPA demand on February 8, 2023 in which Plaintiff made demand for $1,126,266.46 which included economic damages of $1,012,860.66 (based on estimate prepared by Legacy Independent Services), plus 12.75% interest of $96,854.80, and $16,551.00 in attorney's fees and costs (at that time).[7] Thus, given the Policy limits pertinent to Plaintiff's claim, the nature of Plaintiff's claim, and the types of damages sought, the amount in controversy exceeds the federal jurisdictional minimum of $75,000,00.

### B. Complete Diversity Exists Among Parties

7. Upon information and belief, at the time of the filing of Plaintiff's Original Petition, Plaintiff was a non-profit, residential condominium association incorporated under the laws of Texas. Upon information and belief, Plaintiff continues to be a Texas non-profit corporation, and is a citizen of Texas.

8. Ohio Security Insurance Company is a company organized under the laws of the State of New Hampshire and, for federal court jurisdiction/diversity of citizenship disclosure purposes, the principal place of business is 175 Berkeley Street, Boston, Massachusetts. Accordingly, complete diversity exists between Plaintiff and Ohio Security.

### *The Removal is Procedurally Correct*

9. Ohio Security was first served with Plaintiff's Original Petition in District Court on April 20, 2023. Therefore, Ohio Security file this Notice of Removal within the 30-day time period required by 28 U.S.C. §1446(b)(3).

---

[6] *See* Exhibit A, Plaintiff's Original Petition, page 1.
[7] *See* Exhibit B, Plaintiff's Pre-Litigation Demand.

10. Venue is proper in this district under 28 U.S.C. §1446(a) because this district and division embrace the place in which the removed action has been pending and because a substantial part of the events giving rise to Plaintiffs' claims allegedly occurred in this district.

11. Pursuant to 28 U.S.C. §1446(a), all pleadings, process, orders, and all other filings in the state court action are attached to this Notice as Exhibit A.

12. Pursuant to 28 U.S.C. §1446(d), promptly after Ohio Security files this Notice, written notice of the filing of this Notice of Removal will be given to Plaintiff, the adverse party.

13. Pursuant to 28 U.S.C. §1446(d), a true and correct copy of this Notice will be filed with the Clerk for the 398th Judicial District Court for Hidalgo County, Texas, promptly after Ohio Security files this Notice.

WHEREFORE, Ohio Security Insurance Company requests that this action be removed from the 398th Judicial District Court, Hidalgo County, Texas to the United States District Court for the Southern District of Texas – McAllen Division, and that this Court enter such further orders as may be necessary and appropriate.

Respectfully submitted,

LINDOW ▪ STEPHENS ▪ SCHULTZ LLP
One Riverwalk Place
700 N. St. Mary's Street, Suite 1700
San Antonio, Texas 78205
Telephone:   (210) 227-2200
Facsimile:   (210) 227-4602
dstephens@lsslaw.com

David R. Stephens
State Bar No. 19146100
*Attorney-in-Charge*

COUNSEL FOR DEFENDANT OHIO SECURITY INSURANCE COMPANY

**CERTIFICATE OF SERVICE**

    The undersigned hereby certifies that a copy of the foregoing Notice of Removal was filed electronically with the United States District Court for the Southern District of Texas, McAllen Division, with notice of case activity to be generated and sent electronically by the Clerk of the Court with ECF notice being sent and a copy mailed *via electronic mail* on this **16th** day of **May 2023**, addressed to those who do not receive notice from the Clerk of the Court.

    Jose A. Chapa
    JOSE A. CHAPA LAW FIRM, PLLC
    3116 Scenic Way
    McAllen, Texas 78503
    jachapa@smu.edu

_____
David R. Stephens